# METROPOLITAN POLICE DEPARTMENT
## Washington, D.C.

**Special Operations Division, Homeland Security Bureau**

MEMORANDUM

TO: Assistant Chief of Police
Internal Affairs Bureau

THRU: Assistant Chief of Police
Homeland Security Bureau

FROM: Commander
Special Operations Division

DATE: July 17, 2008

SUBJECT: Final Investigative Report and Recommendation Concerning Alleged Misconduct by Officer Kimberli Motley, Special Operations Division (IS # 08-0002670)

I reviewed the attached investigation prepared by Sergeant Dale Poskus concerning alleged misconduct by Officer Kimberli Motley on May 20, 2008.

He sustained the allegation, and recommended an Official Reprimand. Following a Commander's Conference, I found mitigating circumstances not to concur.

Although Officer Motley was described as not taking a patrol assignment, the Official Reprimand does not cite a specific violation of General Orders or other policy.

The report states she left the dock an hour after receiving the assignment. At a Commander's conference, Officer Motley proffered that is common to have gaps from going into service via the radio and putting the boat into the water. A review was made of the Harbor Patrol Unit's KUF703 logbook. This was not part of the investigative report. It is a handwritten log and the title is a reference to the Harbor Unit's maritime call sign. The log entries are made by an officer assigned to the Dockwatch (Station) area. Notations are made when officers go in service on the Harbor radio channel. While the in service notation for Officer Motley shows 0705, it shows another officer on the same day going in service thirty minutes after he is scheduled to begin his patrol.

A photo attachments show Officer Motley in the boat, in what appears to be full gear. In reviewing the above referenced photograph, it was determined it was not conclusive in demonstrating that she had left the dock at an inappropriate time. The photograph showed her in full uniform and gear and could not indicate her actions besides being on the boat.

DC 00848

- P's Ex. 8

The photograph can also be interpreted as showing the officer conducting her assigned duties. There was no time stamp.

It was also noted that a drill was held that day with ERT using a private watercraft and Harbor officers, including Officer Motley. Her response for coming into the dock at 0848 was in order to prepare for the drill.

A meeting was held with Lieutenant Paul Niepling on July 16, 2008. He conceded that this investigation had discrepancies. It had not been reviewed by him, but by an acting official. A follow up meeting will be held with his branch Captain and Harbor Unit officials to address policies and procedures regarding River Patrol.

Based on the above, I recommend that this allegation be classified as Not Sustained.

# METROPOLITAN POLICE DEPARTMENT
## HOMELAND SECURITY BUREAU
### Special Operations Division
### Harbor Patrol

June 4, 2008

## MEMORANDUM

| | |
|---|---|
| TO: | Assistant Chief of Police<br>Internal Affairs Bureau |
| THRU: | Assistant Chief of Police<br>Homeland Security Bureau |
| THRU: | Commanding Officer<br>Special Operations Division |
| THRU: | Commanding Officer *[signature]* 6/11/08<br>Tactical Patrol Branch |
| THRU: | Commanding Officer CONCUR 6-4-08<br>Harbor Patrol  A/LT *[signature]* |
| SUBJECT: | Final Investigative Report with Recommendations Regarding Officer Kimberli Motley's Failure to Perform Assigned Duties<br>(IS# 080002670) |

## CHRONOLOGICAL NARRATIVE SECTION

Due to the threat of terrorism in Washington, D.C., every day from 0700 through 2230 hours, Harbor Patrol has a vessel assigned to the water dedicated to Homeland Security. This vessel is to provide increased security along the waterfront, bridges, military installations, marinas, power plant, Blue Plains treatment facility and the Reagan National Airport.

On Tuesday, May 20, 2008, Officer Motley arrived for duty at 0630 hours. While in roll call, I advised her that she had the Homeland Security Patrol from 0700-0900 hours. (Attachment #1)

At about 0930 hours, I was notified by Officer Robert Grooms that Officer Motley had not responded on her Homeland Security Patrol until approximately 0800 hours.

At about 0935 hours, I was advised by Officer Karen Carr, the dock watch officer, that Officer Motley went in service at 0705 hours, but did not leave the pier until approximately 0800 hours.

DC 00850

After reviewing the security cameras at Harbor Patrol, I learned that Officer Motley left the pier at 0802 hours, and returned prematurely to the pier at 0848 hours. I directed her to prepare a statement as to why she failed to take her assignment at 0700 hours.

## MEMBER(S) INVOLVED

1.  Officer Kimberli Motley        Badge# 2781

    Duty & Uniform Status:    On Duty Incident

    Personal:                 Black Female  09/21/60      47 years old

    Assignment:               Special Operations Division / Harbor Patrol

    Appointed to MPD:         May 7, 1990   18 year member

    Current Duty Status:      Full Duty

## INVOLVED OFFICER(S) STATEMENT(S)

Officer Kimberli Motley:

On Wednesday, May 21, 2008, I directed Officer Motley to prepare a written statement regarding her failure to perform her assignment of homeland security patrol at 0700 hours as directed by me on May 20, 2008, during roll call.

Officer Motley states that she placed herself in service around 0700 hours but as to the exact time that she went out on the water, she does not know. She states that she was placing additional items on her boat. (Attachment #2)

Officer Motley also states that this "fishing trip" is just a continuation of the sexual harassment and hostile work environment that she has been subjected to by me and the other officials at the Harbor Patrol.

## POLICE WITNESS STATEMENT(S)

Officer Robert Grooms:

Officer Robert Grooms prepared a statement in which he reports that he heard me assign Officer Motley the 0700-0900 hours security patrol and that she went in service at around 0705 hours. He also states that he noticed Officer Motley in the building during the time that she was supposed to be on patrol. Officer Grooms concludes by stating that Officer Motley did not begin her patrol until approximately 0800 hours. (Attachment #3)

Officer Karen Carr:

Officer Karen Carr prepared a statement in which she reports that Officer Motley went in service at 0705 hours but that she did not leave the slip until after 0800 hours. (Attachment #4)

## PHYSICAL EVIDENCE SECTION

Photograph from Harbor Patrol Unit security camera of Officer Motley leaving the pier at 0802 hours. (Attachment #5)

Photograph from Harbor Patrol Unit security camera of Officer Motley returning to the Harbor Patrol pier at 0848 hours. (Attachment #6)

## CIVILIAN WITNESS STATEMENT(S)

N/A

## DISCREPANCIES AND CLARIFICATIONS

In Officer Motley's statement she states that I told her that two co-workers filed this complaint against her and that I failed to identify the two officers as required by the Labor Agreement. I never mentioned to Officer Motley that any officer had filed a complaint against her. Further, there have been ongoing disputes between Officer Motley and the complaining officers. Advising Officer Motley who the complaining officers were would have exacerbated the hostility between them thus jeopardizing this investigation.

Officer Motley also states that my actions have created a hostile work environment here at Harbor Patrol and that this is another attempt to pit her fellow co-workers against her. It was Officer Grooms and Officer Carr who brought this matter to my attention requiring me to conduct this investigation.

It must be noted that Officer Motley concluded her statement by stating that this is just a continuation of the sexual harassment and hostile work environment that she has been subjected to. This allegation was forwarded to Officer Virgil Smoot, EEO Counselor, Special Operations Division as required by General Order 201.09 and Teletype 02-005-08, dated February 1, 2008.

## SUMMARY AND CONCLUSION

On Tuesday, May 20, 2008, at 0630 hours, while in roll call, I directed Officer Motley to handle the Homeland Security Patrol from 0700-0900 hours. At 0705 hours, Officer Motley voiced over the police radio SE-2 that she was in service, indicating that she was on patrol. In fact, it was not until 0802 hours, that Officer Motley left the pier to begin her patrol as evidenced by the time stamped photograph taken by the security camera. Officer Motley also responded back

prematurely to Harbor Patrol at 0848 hours as evidenced by the time stamped photograph taken by the security camera.

Officer Motley spent 46 minutes out of a total of 120 minutes on her assigned homeland security patrol.

In her written statement, Officer Motley's reason for not responding for her assignment was that she was preparing herself and placing additional items on her boat that may be needed for a drill that was to be performed later in the morning.

Officer Motley had ample time to prepare her boat before her patrol. She instead decided to remain at Harbor Patrol well past her 0700 hour reporting time. Furthermore, Officer Motley did not notify me or any other Harbor Patrol official that she would be late responding to her patrol.

## RECOMMENDATIONS

I recommend that the allegation that Officer Kimberli Motley failed to perform her assigned duties as directed be **SUSTAINED** and that she receive an Official Reprimand from her Commanding Officer.

*Sgt. Dale Poskus*
Dale Poskus
Sergeant
Harbor Patrol

# Homeland Security Patrol

## Tuesday, May 20, 2008

0700-0900 - Motley

0900-1100 - Dean

1100-1300 - Grooms

1300-1500 - Belden

Please go in service with the dock watch and document your activities on your vessel run sheet.

# METROPOLITAN POLICE DEPARTMENT
## WASHINGTON, D.C.

PD 119 Rev. 7/74

## COMPLAINANT / SUSPECT STATEMENT

| | |
|---|---|
| **NATURE OF INVESTIGATION** Sgt. Poskas being late for work | **1. COMPLAINT NO.** N/A |
| | **3. UNIT FILE NO.** N/A |
| **STATEMENT OF: (Last, First, Middle)** Motley, Kimberli | **5. DOB** Adult  **6. SEX** Female |
| **HOME ADDRESS** | **8. HOME PHONE** |
| **EMPLOYMENT (Occupation and Location)** Metropolitan Police Department | **10. BUSINESS PHONE** |
| **LOCATION STATEMENT TAKEN** Harbor Branch | |
| **NAME OF OFFICER TAKING STATEMENT** (If other than block 18 include signature) Motley, Kimberli | **13. DATE/TIME STARTED** 05/21/2008 |

**STATEMENT**

I was asked by Sgt. Poskas today to prepare a PD 119. The specific question that was asked by Sgt. Poskas was "Why did I go into service on the radio at 0700 hours and not go out on the boat until 0810 hours?"

Sgt. Poskas stated that two coworkers have filed this complaint against me but he has failed to identify the complainants as required by the Labor Agreement. The identification of the complainants in such an insignificant complainant could in no way jeopardize the investigation. By failing to identify the complainants, I can not prepare a proper PD 119 to defend against the charges with out knowing the identification of the two coworkers.

As Sgt. Poskas is very aware, actions that he and other officials have done in the past have created a hostile work environment for me here at Harbor. This is another attempt to pit my fellow co-workers against me and continue in that tradition.

As to the exact time I place my self in service, I don't know. It was around 0700 hours. The exact time can be obtained from the radio transcripts. It was after the extended roll call we had in preparation for the drill with ERT that day.

When I placed my self in service, I was in service and I was prepared to take any assignments. I then continued to prepare myself and place on the boat additional items that might be needed for the drill. I then went on the water. As to the exact time, I do not know.

In an effort to end this continuing Hostile Work Environment and Sexual Discrimination, I would like this PD 119 to be forwarded through the chain of command to Captain Harold, Commander Crane and Chief Lanier.

I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. ("I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES. D.C. CODE SECTION 22-2514)

**SIGNATURE OF PERSON GIVING STATEMENT**

**16. DATE / TIME ENDED** 05/21/2008

**17. PAGE 1 OF 2 PAGES**

**OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:** (Name and Signature)

**19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15:** (Name and Signature)

DC 00855

# METROPOLITAN POLICE DEPARTMENT
## WASHINGTON, D.C.

P.D. 119 Rev. 7/74

## COMPLAINANT / SUSPECT STATEMENT

| | |
|---|---|
| **NATURE OF INVESTIGATION** Sgt. Posks being late for work | **1. COMPLAINT NO.** N/A |
| | **3. UNIT FILE NO.** N/A |
| **STATEMENT OF: (Last, First, Middle)** Motley, Kimberli | **5. DOB** Adult  **6. SEX** Female |
| **HOME ADDRESS** | **8. HOME PHONE** |
| **EMPLOYMENT (Occupation and Location)** Metropolitan Police Department | **10. BUSINESS PHONE** |
| **LOCATION STATEMENT TAKEN** Harbor Branch | |
| **NAME OF OFFICER TAKING STATEMENT** (If other than block 18 include signature) Motley, Kimberli | **13. DATE /TIME STARTED** 05/21/08 |

**STATEMENT**

I would like to add that I find this very strange that a casual conversation among officers, initiated by the Sergeant would warrant any investigation. Especially one where no specific charges are being alleged by Sgt. Poskas. It appears that this is nothing more than a fishing trip by Sgt. Poskas to look for any reason to discipline me.

This fishing trip is just a continuation of the Sexual Harassment and Hostile Work Environment that I have been subjected to by Sgt. Poskas and other officials at the Harbor Branch.

I am requesting that a copy of this PD 119 be forwarded tthrough channels to Captain Harold, Commander Crane and Chief Lanier.

-----------------------------------------------------END OF STATEMENT-----------------------------------------------------

---

I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. ("I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES. D.C. CODE SECTION 22-2514)

**16. DATE / TIME ENDED**

**SIGNATURE OF PERSON GIVING STATEMENT**

**17. PAGE** 2 **OF** 2 **PAGES**

**OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:** (Name and Signature)

**19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15:** (Name and Signature)

DC 00856

| EPARTMENT | | | PD 119 Rev. |
|---|---|---|---|
| | WASHINGTON, D.C. | 1. COMPLAINT NO. | |
| NATURE OF INVESTIGATION | | 3. UNIT FILE NO. | |
| STATEMENT OF: (Last, First, Middle) Grooms, Robert, F. | | 5. DOB Adult | 6. SEX M |
| HOME ADDRESS | | 8. HOME PHONE | |
| EMPLOYMENT (Occupation and Location) | | 10. BUSINESS PHONE 727-4582 | |
| 1. LOCATION STATEMENT TAKEN Harbor Patrol | | | |
| 2. NAME OF OFFICER TAKING STATEMENT (If other than block 18 include signature) | | 13. DATE /TIME STARTED 5/20/08  1235 | |

4. STATEMENT

On Tuesday, May 20, 2008 at approximately 0635 hours, I was in the break room at Harbor Patrol for roll call when the security patrol assignments were assigned. Sgt. Dale Poskus assigned Ofc. K. Motley a security patrol from 0700 - 0900 hours. At around 0705 hours or thereafter, I was at dock watch when I heard Ofc. Motley go inservice for her security patrol. Shortly thereafter, I was on the boat dock putting my gear on boat 805. I did noticed that Ofc. Motley was still in her boat slip and I'm sure that the security cameras will support that fact. I also saw Ofc. Motley in the building at Harbor during her assigned patrol time. At approximately 0800 hrs or so, I was approaching the gangway leading to the boat dock when I saw Ofc. Motley leaving Harbor on boat 803. Again, I'm sure the security cameras will support that fact.

I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. ("I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES. D.C.

*Signature of Person Giving Statement*

| 16. DATE / TIME ENDED 05/20/08 1315 |
| 17. PAGE 1 OF 1 PAGE |

| OFFICER OBTAINING THE SIGNATURE IN BLOCK | 19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15: DC 00857 |

# METROPOLITAN POLICE DEPARTMENT
## WASHINGTON, D.C.
## COMPLAINANT / WITNESS STATEMENT

P.D. 119 Rev.

| | |
|---|---|
| 1. COMPLAINT NO. | |
| 2. NATURE OF INVESTIGATION<br>ADMINISTRATIVE INVESTIGATION | 3. UNIT FILE NO. |
| 4. STATEMENT OF: (Last, First, Middle)<br>Carr, Karen | 5. DOB ADULT / 6. SEX F |
| 7. HOME ADDRESS<br>ON FILE | 8. HOME PHONE<br>ON FILE |
| 9. EMPLOYMENT (Occupation and Location)<br>MPDC- SOD | 10. BUSINESS PHONE<br>202-727-4583 |
| 11. LOCATION STATEMENT TAKEN<br>HARBOR PATROL UNIT | |
| 12. NAME OF OFFICER TAKING STATEMENT (If other than block 18 include signature) | 13. DATE /TIME STARTED<br>5/20/2008 1447hrs |

**14. STATEMENT**

I was assigned to dock watch, on the daywork tour of duty.
I was advised by Sgt. D. Poskus that at 1000hrs a drill would be conducted with the Odyssey#3.
He told me that I should watch out for the depature of the vessel, so that I would know when the drill would begin.
I responded to dock watch, at approximately 0800hrs, to look at the camera.
I noticed that officer Motley was standing on her vessel, which was still tied up in the slip at the time.
She was assigned to the 0700 to 0900 security patrol, which was assigned to her by SGT. Poskus in roll call.
In th e KUF703 log book, officer V. Wright marked her in service at 0705, however she did not leave the slip until at least 10 after 0800.
The camera will support this statement and also give a more accurate time line as well.

**15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION.** I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES. D.C.

Signature of Person Giving Statement

| 16. DATE / TIME ENDED<br>5/20/2008 1459 |
|---|
| 17. PAGE 1 OF 1 PAGE |

18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:

19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15:

DC 00858



DC 00859



## Metropolitan Police Department
### Homeland Security Bureau
### Special Operations Division

MEMORANDUM

TO:             Officer Kimberli Motley

SUBJECT:    Commander's Conference

On Tuesday, May 20, 2008, at 0630 hours, Sergeant Dale Poskus directed you to handle the Harbor Patrol homeland security patrol from 0700-0900 hours. As a result of an investigation prepared by Sergeant Dale Poskus of this Command, it was determined that you did not respond on patrol at 0700 hours, it was not until 0802 hours that you actually left the Harbor Patrol pier. Additionally, you returned prematurely at 0848 hours. Consequently, due to the fact that you failed to perform your assigned duties, it is recommended that you be served with an Official Reprimand.

According to Article 12, Section 13, of the MPD Labor Agreement, whenever discipline is imposed, members are entitled to a Commander's Conference to discuss the circumstances surrounding misconduct. You shall indicate below whether or not you wish to have a Commander's Conference, and affix your signature to acknowledge receipt of this action as indicated.

☐_____ Commander's Conference          ☐_____ Decline Commander's Conference
Initials                                                                Initials


                                                                James O. Crane
                                                                Commander

**Notice of Service**

_____
Date/Time_____

Serving Official _____
Date/Time_____

DC 00861

**POLICE**

## Metropolitan Police Department
### Homeland Security Bureau
### Special Operations Division

---

MEMORANDUM

TO:        Officer Kimberli Motley

SUBJECT:   **Official Reprimand**

Pursuant to an investigation conducted by Sergeant Dale Poskus of the Harbor Patrol Unit, I have determined that you failed to perform your assigned duties. Specifically, on Tuesday, May 20, 2008, at 0630 hours, Sergeant Dale Poskus directed you to handle the Harbor Patrol homeland security patrol from 0700-0900 hours. It was determined that you did not respond on patrol at 0700 hours, it was not until 0802 hours that you actually left the Harbor Patrol pier. Additionally, you returned prematurely at 0848 hours.

You are further notified that this reprimand shall be considered in performance evaluations, personnel assignment decisions, and in deciding greater degrees of disciplinary action for any future offenses committed within a three-year period. Receipt of three Official Reprimands within a three-year period shall subject you to an unsatisfactory performance of duty rating at your next rating period.

You shall acknowledge receipt of this action by affixing your signature on all copies; the original of which shall be retained in your personnel folder for a period of three (3) years from the date of acknowledgement.

                                        James O. Crane
                                        Commander

I have read the above memorandum and I am aware that it will be placed in my personnel folder for a period of three (3) years.

_____
Signature of Member

_____          Date. Time _____
Signature of Serving Official

DC 00862