| **Revocation/Restoration of Police Powers and Notice of Duty and Pay Status** | | 1. Type of Report: ☑ Original ☐ Supplemental | 2. Incident Summary (IS) Nos. (If applicable): IS# 12-000387 |
|---|---|---|---|

| 3. Member's Full Name (Last, First, Middle): Motley, Kimberli | 4. Member's Rank: Officer | 5. Member's Assignment: 4th District | 6. Member's Date of Appointment: May 7, 1990 | 7. Member's CAD #: 4805 |
|---|---|---|---|---|

### PART I: NOTICE OF REVOCATION AND MEMBER'S ACKNOWLEDGEMENT

| 8. Date Member Revoked: 4/26/12 | 9. Time Member Revoked: 0137hrs |
|---|---|

10. You are hereby notified that as of the date and time recorded above your police powers are revoked. You do not have the authority to perform any duty requiring the exercise of such powers <u>and</u> do not have the authority to carry a service weapon [i.e., any Metropolitan Police Department (MPD) issued firearm, authorized off-duty firearm, aerosol chemical spray dispenser, impact device, and MPD-issued specialized firearm that is carried or kept readily available] subject to the policies and procedures of the MPD and applicable laws, rules, and regulations.

11. **Duty/Pay Status:** Check (√) the appropriate duty/pay status. Record comments, where appropriate, in Part I.k.

| √ | Duty/Pay Status | Member's Initials | √ | Duty/Pay Status | Member's Initials | √ | Duty/Pay Status | Member's Initials | √ |
|---|---|---|---|---|---|---|---|---|---|
| | a. Administrative Leave With Pay | | | e. Limited Duty/Non-Contact | | | i. Disciplinary Suspension Without Pay (Record IS Numbers in Item 2) | | |
| ✔ | L. Non-Contact | *KM* | | f. Sick Leave (30 Days or Fewer) | | | | | |
| | c. LWOP Exceeding 30 Consecutive Days | | | g. Extended Sick Leave (Sick Leave Exceeding 30 Consecutive Days) | | | j. Military Leave | | |
| | d. Limited Duty | | | h. Indefinite Suspension Without Pay | | | k. Comments on Duty/Pay Status: | | |

12. **Member's Acknowledgement:** I understand that because of this revocation of police powers:
- I do not have the authority to make an arrest or perform any duty requiring the exercise of police powers; my authority to carry a service weapon (per Part I.10 above) and my privilege to engage in outside employment and earn additional compensation (except for approved court appearances) are revoked; and  I remain subject to all MPD policies and procedures.
- While on *Administrative Leave With Pay or Sick/Extended Sick Leave*, I shall travel no more than 25 miles from my residence of record or any other location where I am residing unless I submit a PD Form 358 (Request for Permission to Leave Area While on Sick/Extended Sick Leave and Administrative Leave With Pay) and the PD Form 358 is approved by the Assistant Chief, Professional Development Bureau (PDB).
- While on *Administrative Leave With Pay*, prior to leaving my residence/location for any period of time between 0800 and 1630 hours, Monday through Friday, excluding holidays, I shall contact an official of my current element to provide the reason for the departure, location to which responding, time departed, expected time of return ,and any other information that would allow communication with me.
- While on *Sick Leave or Extended Sick Leave*, prior to leaving my residence/location <u>for non-medical reasons</u> for any period of time between 0800 and 1630 hours, Monday through Friday, excluding holidays, I shall submit an DC-SF 71 (Application For Leave) through my assigned Commanding Official, to the Assistant Chief, PDB for approval.  When leaving for <u>medical reasons</u>. I shall follow the procedures above for *Administrative Leave With Pay* (i.e., contact an official of my element).
- Whenever in a non-pay status, and there are any cases pending before any court related to my performance of police duties, I have a responsibility as a witness until such cases are adjudicated.
- While on *Administrative Leave With Pay, Sick Leave*, or *Extended Sick Leave*, except if granted an exemption by the Police & Fire Clinic, I shall report to my assigned organizational element at least weekly.

| 13. Revoked Member's Signature: *Officer Kimberli Motley* | 14. Date of Revoked Member's Signature: *4-26-12* |
|---|---|
| 15. Signature &CAD # of Official Serving Notice: *Capt. Brian Lynn #5273* | 16. Signature & CAD # of Witness: *Lt C. White 2048* | 17. Member's Unit Notified (Official's Name/Rank/Date/CAD #) For Revocation of Members of Another Element: |

### PART II: NOTICE OF RESTORATION AND MEMBER'S ACKNOWLEDGEMENT

| 18. Date Member Restored: | 19. Time Member Restored: |
|---|---|

20. I understand that effective the date and time recorded above, my authority to make an arrest and perform any duty requiring the exercise of police powers; my authority to carry a service weapon; and my privilege to engage in outside employment and earn additional compensation are fully restored. I further understand I am no longer subject to the restrictions listed in Part I.12 above.

| 21. Restored Member's Signature: | 22. Date of Restored Member's Signature: |
|---|---|
| 23. Signature & CAD # of Official Serving Notice: | 24. Signature & CAD # of Witness: | 25. Member's Unit Notified (Official's Name/Rank/Date/CAD #) For Restoration For Member of Another Element: |

Distribution: Original: Member; Copy: Initiating Unit, Member's Unit Personnel Folder & PDB/HRMD

Page 1 of 4

*P's Ex. 15*

## PART III: NOTIFICATIONS

*NOTE: The revoking official shall make the below notifications.*

| Unit | Date & Time Notified | Rank/Name/CAD # Official Notified | Unit | Date & Time Notified | Rank/Name Official /CAD # Notified |
|---|---|---|---|---|---|
| EOCOP | | | Member's Element/Unit | Apr 26, 2012 | Capt. Brian Grogan # 5273 |
| IAB | | | Information Technology | | |
| PDB/HRMD | Apr 26, 201_ | Lt. Anthony White #2048 | CSB/FMD (Take Home Vehicle) | | |

## PART IV: REVOCATION PROCEDURES

1. Whenever a member's police powers are revoked, the revoking official shall prepare a PD Form 77 for service to the member.  A Police & Fire Clinic (Clinic) official shall prepare and serve a PD Form 77 on a member whenever a member is revoked by a Clinic physician.
2. The revoking official shall complete Items 1 through 9 and 11 on page #1 of the PD Form 77.
3. The member shall enter his/her initials opposite the assigned duty status in Item 11 , read Items 10 & 12, and sign and date in Items 13 & 14.
4. The revoking official and witness shall enter their signatures and the date in Items 15 and 16.  Notifications are recorded in Part III.
5. The revoking official shall then complete Page #3 of the PD Form 77.  All equipment listed in Item 31  in the member's possession at the time of revocation shall be surrendered to the revoking official and listed in Item 31. Members revoked for adverse conduct and felony arrests/indictments and placed in a non-pay status and not anticipated to return to duty within one calendar year shall surrender the additional equipment listed in item 33 of the PD Form 77 at the time of revocation. The revoked member, revoking official, and witness shall enter their signatures opposite each item of equipment surrendered by the member. The revoking official shall ensure all other items of equipment that were not in the member's possession at the time of revocation are surrendered within 5 business days.
6. When a member is revoked by an official assigned to a different element, the revoking official shall notify an official of his/her command and enter the name of the official so notified in Item 17. An official of the member's element shall respond to the revoking element to take possession of the surrendered equipment and a copy of the PD Form 77 for placement in the member's unit personnel folder. If all equipment was not surrendered at the time of revocation, an official of the member's organizational element shall ensure the items of equipment are surrendered within 5 business days.
7. When a member returns to surrender equipment that was not in his/her possession at the time of revocation, the member shall present the equipment and his/her copy of the PD Form 77 to an official of his/her element. The receiving official shall enter the items of equipment on the member's copy of the PD Form 77 and the unit personnel folder copy. Each entry shall be certified by the revoked member, revoking official, and witness.  The member's copy of the PD Form 77 shall be returned to the member and the unit personnel folder copy to the file.
8. The revoking official shall also complete Item 32 to indicate the relevant resource restrictions for the member.
9. One  copy of the PD Form 77 shall be forwarded to the Human Resources  Management Division (PDB/HRMD) electronic administrative mailbox.

## PART V: DUTY/PAY STATUS DEFINITIONS

a. **Administrative Leave with Pay:** Member has been removed from performance of all police duties with no loss of salary.
b. **Non-Contact:** Member has been assigned to an MPD element with restricted contact with members of the public without police powers and no loss of salary.
c. **Leave Without Pay (LWOP):** Member has been granted leave in a non-pay status exceeding 30 days by submitting a PD Form 654 (Request for Advanced Leave o. Leave Without Pay) that has been approved by the Assistant Chief, Professional Development Bureau.
d. **Limited Duty:**  Member, because of injury or other temporary medical disability, has been certified as capable of performing certain types of limited duty and has been assigned to an MPD element with no loss of salary.
e. **Limited Duty/Non-Contact:**  Member has been placed in Limited Duty status in a position with restricted contact with members of the public with no loss of salary.
f. **Sick Leave:** Member has been placed by the Clinic on sick leave for a period of 30 days or fewer.
g. **Extended Sick Leave:** Member has been placed by the Clinic on sick leave for more than 30 days.
h. **Indefinite Suspension Without Pay:**  Member is placed in a non-pay status without police powers pending resolution of an indictment or following a conviction. In accordance with the collective bargaining agreement, 30 business days from the date that the indictment is resolved, or the member is removed from a pay status in the case of a,conviction the MPD shall restore the member to a pay status or issue notification of the charges and proposed action.
i. **Disciplinary Suspension Without Pay:** Temporary cessation of the pay and police powers of a member for a finite period of time as a penalty for a sustained adverse action as outlined in a Final Agency Action.
j. **Military Leave:** Member is serving in a branch of the U.S. military on full-time military duty for any duration with or without salary in accordance with applicable MPD and District Government policies and procedures.

**NOTE:** An "Original" PD Form 77 shall be prepared any time a revoked member's Duty/Pay Status changes as a result of a separate incident (e.g., a member on Limited Duty is placed on Administrative Leave With Pay pending an investigation of a separate matter.) The first "Original" PD Form 77 shall remain in effect. A "Supplemental" PD Form 77 shall be prepared any time a member's Duty/Pay Status changes as a result of the same incident (e.g., from Extended Sick Leave to Limited Duty after an injury). For these incidents, the "Original" PD Form 77 shall be considered void.  In both cases, Item 11.k shall include a reference to the first PD Form 77. The "Original" or "Supplemental" PD Form 77 shall be provided to the member, one copy shall be retained by the initiating unit, one copy placed in the member's unit personnel folder, and one copy forwarded to the PDB/HRMD electronic administrative mailbox.

## PART VI: RESTORATION PROCEDURES

1. Whenever possible, restoration information shall be entered on the original PD Form 77 that was prepared to revoke the member and the copy that was placed in the member's unit personnel folder.
2. The restoring official shall enter the date and time restored in Items 18 and 19.
3. After the member has read Item 20 and entered his/her signature in Items 21 and 22, the restoring official and witness shall sign and date the form in Items 23 and 24. The restoring official shall complete Item 38 (and as appropriate Items 39 and 40) and ensure the listed equipment is returned. The restoring official, member, and witness shall sign and date the PD Form 77 opposite all restored items of equipment.
4. Wh. n a member is restored by an official assigned to a different element (e.g., Clinic or IAB), the restoring official shall prepare a "Supplemental" PD Form 77, notify an official of the member's element, and record the member's rank, name, and date of notification in Item 25. The restored member shall present his/her copy of PD Form 77 to an official of his/her element who shall ensure that all items of equipment listed on original PD Form 77 are returned to the member, and the proper dates and signatures recorded next to each item. The original "Supplemental" PD Form 77 shall be retained by the restored member and one copy placed in the member's unit personnel folder.

GO-OMA-120.24 (Revocation/Restoration of Police Powers)
Attachment A
PD Form 77 (Revocation/Restoration of Police Powers and Notice of Duty and Pay Status)
Revised May 19, 2010

5. When a member's equipment has been surrendered to a specialized unit (e.g., Property Division), the member shall present both the member and unit personnel folder copies of the PD Forms 77 to the unit. The restored member, returning unit staff member, and witness shall enter their signatures and date in the appropriate columns of Items 38/40. The member shall retain the original. Upon completion of the equipment restoration, the member shall return the unit personnel folder copy to the element. The element shall forward an electronic copy to the PDB/HRMD electronic administrative mailbox.

## PART VII: REVOCATION OF POLICE POWERS -- EQUIPMENT SURRENDER & ACCESS RESTRICTIONS

| 26. Member's Full Name (Last, First, Middle): | 27. Member's Rank: | 28. Member's Assignment: | 29. Member's CAD# | 30. Member's Revocation Date: |
|---|---|---|---|---|
| Motley, Kimberli | Officer | 4th District | 4805 | Apr 26, 2012 |

### 31. EQUIPMENT TO BE SURRENDERED: ALL REVOCATIONS [Note: Revoking Official should check (√) all that apply.]

| ITEM | √ | Item Serial # or Quantity | Date Surrendered | Signature & CAD # Official Receiving Item | Signature & CAD # Witness | Signature & CAD # Member |
|---|---|---|---|---|---|---|
| Service Pistol | ✓ | | Apr 26, 2012 | | | |
| Magazines (incl. Ammo count) | ✓ | . | Apr 26, 2012 | | | |
| Badge | ✗ | 2781 | Apr 26, 2012 | | | |
| Cap Plate | | | | | | |
| ID Card/Folder * | ✓ | MP210200 | Apr 26, 2012 | | | |
| Police Radio | ✓ | P-3191-S | Apr 26, 2012 | | | |
| ASP | ✓ | | Apr 26, 2012 | | | |
| Aerosol Chemical Spray | ✓ | # worn-off | Apr 26, 2012 | | | |
| Telecommunications Device (List): | | | | | | |
| Take Home Vehicle/Key | | | | | | |
| Other | | If checked, attach memo of explanation with required information and signatures. | | | | |

### 32. RESTRICTED RESOURCES (Note: Revoking official shall check (√) all that apply.)
NOTE: By initialing below, the revoked member acknowledges that access to the checked MPD resources is hereby revoked.

| Resource | √ | Member's Initials | Resource | √ | Member's Initials | Resource | √ | Member's Initials |
|---|---|---|---|---|---|---|---|---|
| MPD Facilities | | | DC Government E-Mail | | | Investigative Data Files & Systems | | |
| MPD Net | | | Law Enforcement Databases (e.g., Columbo, WALES, NCIC) | | | Other (List): | | |

### 33. ADDITIONAL EQUIPMENT TO BE SURRENDERED: REVOKED MEMBERS IN NON-PAY STATUS EXCEEDING 30 DAYS; MEMBERS REVOKED FOR ADVERSE CONDUCT AND FELONY ARRESTS/INDICTMENTS AND PLACED IN NON-PAY STATUS NOT EXPECTED NOT TO RETURN FOR ONE CALENDAR YEAR; AND MEMBERS AS DIRECTED BY IAB (Note: Official shall (√) check all that apply.)

| ITEM | √ | Item Serial # or Quantity | Date Surrendered | Signature & CAD # Official Receiving Item | Signature & CAD # Witness | Signature & CAD # Member |
|---|---|---|---|---|---|---|
| Uniform Shirt: Short sleeve | | | | | | |
| Uniform Shirt: Long Sleeve | | | | | | |
| Uniform Pants | | | | | | |
| Blouse | | | | | | |
| Uniform Hat | | | | | | |
| Uniform Ties | | | | | | |
| Sam Browne Belt | | | | | | |
| High Visibility Raincoat | | | | | | |
| Soft Body Armor | | | | | | |
| CDU Equipment | | | | | | |
| Bio Chem Gear | | | | | | |
| Other | | If checked, attach memo of explanation with required information and signatures. | | | | |

NOTE: Members of specialized units in possession of additional weapons/equipment beyond those listed in Item #31 above may be required to surrender the weapons/equipment at the time of revocation and 30 days later. The official receiving the weapons/equipment shall attach a memorandum of explanation containing the required information and signatures.

GO-OMA-120.24 (Revocation/Restoration of Police Powers)
Attachment A
PD Form 77 (Revocation/Restoration of Police Powers and Notice of Duty and Pay Status)
Revised May 19, 2010

| PART VIII: RESTORATION OF POLICE POWERS -- EQUIPMENT RETURN | | | | | | |
|---|---|---|---|---|---|---|
| 34. Member's Full Name (Last, First, Middle): | | | 35. Member's Rank: | 36. Member's Assignment: | | 37. Member's CAD# |

**38. EQUIPMENT TO BE RETURNED -- ALL REVOCATIONS (Note: Official shall check (√) all that apply.)**

| ITEM | √ | Item Serial # or Quantity | Date Returned | Signature & CAD # Official Returning Item | Signature & CAD # Witness | Signature & CAD # Member |
|---|---|---|---|---|---|---|
| Service Pistol | | | | | | |
| Magazines (include Ammo count) | | | | | | |
| Badge | | | | | | |
| Cap Plate | | | | | | |
| ID Card/Folder * | | | | | | |
| Police Radio | | | | | | |
| ASP | | | | | | |
| Aerosol Chemical Spray | | | | | | |
| Telecommunications Device (List): | | | | | | |
| Take Home Vehicle/Key | | | | | | |
| Other | If checked, attach memo of explanation with required information and signatures. | | | | | |

**39. RESOURCE RESTORATION: Revoking official shall check (√) all that apply.**
**NOTE: By initialing below, the revoked member acknowledges that access to the checked MPD resources is hereby restored.**

| Resource | √ | Member's Initials | Resource | √ | Member's Initials | Resource | √ | Member's Initials |
|---|---|---|---|---|---|---|---|---|
| MPD Facilities | | | DC Government E-Mail | | | Investigative Data Files & Systems | | |
| MPD Net | | | Law Enforcement Databases (e.g. Columbo,WALES,NCIC) | | | Other (List): | | |

**40. ADDITIONAL EQUIPMENT TO BE RETURNED (Note: Official shall check (√) all that apply.)**

| ITEM | √ | Item Serial # or Quantity | Date Returned | Signature & CAD # Official Returning Item | Signature & CAD # Witness | Signature & CAD # Member |
|---|---|---|---|---|---|---|
| Uniform Shirt: Short Sleeve | | | | | | |
| Uniform Shirt: Long Sleeve | | | | | | |
| Uniform Pants | | | | | | |
| Blouse | | | | | | |
| Uniform Hat | | | | | | |
| Uniform Ties | | | | | | |
| Sam Browne Belt | | | | | | |
| High Visibility Raincoat | | | | | | |
| Soft Body Armor | | | | | | |
| CDU Equipment | | | | | | |
| Bio Chem Gear | | | | | | |

**NOTE:** Members of specialized units may have surrendered items of equipment in addition to those listed in Items 38 and 40. The official returning the equipment shall attach a memorandum of explanation containing the required information and signatures to this PD Form 77.

**NOTE: FOR ADDITIONAL GUIDANCE, SEE GO-OMA-120.24 (REVOCATION/RESTORATION OF POLICE POWERS) WHICH IS AVAILABLE ON DIRECTIVES ONLINE ON THE MPD INTRANET.**

Distribution: Original: Member; Copy: Initiating Unit, Member's Unit Personnel Folder & PDB/HRMD                         Page 4 of 4

GO-OMA-120.24 (Revocation/Restoration of Police Powers)
Attachment A
PD Form 77 (Revocation/Restoration of Police Powers and Notice of Duty and Pay Status)
Revised May 19, 2010

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Metropolitan Police Department**
**Human Resource Management Division**

APR 25 2012

DRD# 197-12
IS# 12-000387

**MEMORANDUM**

**TO:**        Officer Kimberly Motley
              Fourth District

**SUBJECT:**   Notice of Proposed Adverse Action

As a result of your actions as described in the attached investigative report, the Department
hereby charges you with the following misconduct:

**Charge No. 1:**          Violation of General Order 120.21, Part VIII, and Attachment A-8,
                          which reads: "Inefficiency as evidenced by repeated and well-
                          founded complaints from superior officers, or others, concerning
                          the performance of police duty, or the neglect of duty. Three
                          sustained Adverse Actions within a 12-month period upon charges
                          involving misconduct, as provided in this section, shall be prima
                          facie evidence of inefficiency. The Adverse Action charges need
                          not be related."

Specification No. 1:      In that, during the past four (4) years there have been repeated and
                          well-founded complaints made against you concerning the
                          performance of your duty. These complaints, while not prima
                          facie evidence of inefficiency, point to a pattern of sustained
                          misconduct which in and of itself is evidence of inefficiency. The
                          prior complaints are:

                          *DRB# 451-08 & IS# 08-002993      Neglect of Duty*
                          *Penalty-1 Day held in abeyance*
                          *Disposition Date-10/3/2008*

                          *DRB# 429-10 & IS# 108-000926     Untruthful Statements*
                          *Penalty-10 Days SWOP*
                          *Disposition Date-8/15/2011*

                          *DRB# 326-10 & IS# 10-001916      Prejudicial Conduct*
                          *Penalty-2 Days SWOP and 5 days held in*
                          *abeyance*
                          *Disposition Date-11/26/2010*

*DRB# 567-09 & IS# 09-001908        Prejudicial Conduct*
*Penalty-5 Days held in abeyance*
*Disposition Date-11/27/2009*

**Charge No. 2:**   Violation of General Order 120.21, Part VIII, and Attachment A-14, which reads: "Neglect of duty to which assigned, or required by rules and regulations adopted by the Department.

Specification No. 1:   In that, on February 3, 2012, you were working a Presidential Detail assigned to a traffic post at 14th and Jefferson Drive, Southwest.  At approximately ***1103*** hours, Sergeant Keith Blakely announced over the radio for all units to "Cut and Pull" all traffic on the Presidential route and you failed to comply with his order; potentially leaving a breach point to enter.  Subsequently, Sergeant Gregory Jackson rode the route and discovered you sitting in your vehicle. At which time, Sergeant Jackson ordered you out of the vehicle and to immediately comply with the order given to avoid a breach in the secure route of the President

Specification No. 2:    In that, for the second instance, on February 3, 2012, you were working a Presidential Detail assigned to a traffic post at 14th and Jefferson Drive, Southwest.  At approximately ***1141*** hours, Sergeant Blakely announced over the radio for all units to "Cut and Pull" all traffic on the route for the President's return to the White House and you failed to comply with his order; potentially leaving a breach point to enter.  Subsequently, Sergeant Jackson rode the return route and **again** discovered you sitting in your vehicle. At which time, Sergeant Jackson **again** ordered you out of the vehicle and to immediately comply with the order given to avoid a breach in the secure route of the President

Having determined that you engaged in misconduct, I have weighed each of the relevant Douglas Factors for consideration in determining the appropriateness of the penalty and made the following conclusions:

1. **The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated;**

   This office holds this to be an aggravating factor.  This incident is significant, wherein you engaged in misconduct, which raises concern surrounding your ability to perform your job duties and responsibilities in a fully professional manner.  You failed to secure the route as directed on two (2) separate occasions while working a Presidential overtime detail; potentially jeopardizing the safety of the President of the United States and/or citizens

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**Metropolitan Police Department**
**Human Resource Management Division**

APR 25 2012

DRD# 197-12
IS# 12-000387

**MEMORANDUM**

**TO:**      Officer Kimberly Motley
             Fourth District

**SUBJECT:**  Notice of Proposed Adverse Action

As a result of your actions as described in the attached investigative report, the Department
hereby charges you with the following misconduct:

| | |
|---|---|
| **Charge No. 1:** | Violation of General Order 120.21, Part VIII, and Attachment A-8, which reads: "Inefficiency as evidenced by repeated and well-founded complaints from superior officers, or others, concerning the performance of police duty, or the neglect of duty. Three sustained Adverse Actions within a 12-month period upon charges involving misconduct, as provided in this section, shall be prima facie evidence of inefficiency. The Adverse Action charges need not be related." |
| Specification No. 1: | In that, during the past four (4) years there have been repeated and well-founded complaints made against you concerning the performance of your duty. These complaints, while not prima facie evidence of inefficiency, point to a pattern of sustained misconduct which in and of itself is evidence of inefficiency. The prior complaints are: |

*DRB# 451-08 & IS# 08-002993        Neglect of Duty*
*Penalty-1 Day held in abeyance*
*Disposition Date-10/3/2008*

*DRB# 429-10 & IS# 108-000926        Untruthful Statements*
*Penalty-10 Days SWOP*
*Disposition Date-8/15/2011*

*DRB# 326-10 & IS# 10-001916        Prejudicial Conduct*
*Penalty-2 Days SWOP and 5 days held in*
*abeyance*
*Disposition Date-11/26/2010*

2

*DRB# 567-09 & IS# 09-001908          Prejudicial Conduct*
*Penalty-5 Days held in abeyance*
*Disposition Date-11/27/2009*

| | |
|---|---|
| **Charge No. 2:** | Violation of General Order 120.21, Part VIII, and Attachment A-14, which reads: "Neglect of duty to which assigned, or required by rules and regulations adopted by the Department. |
| Specification No. 1: | In that, on February 3, 2012, you were working a Presidential Detail assigned to a traffic post at 14th and Jefferson Drive, Southwest.  At approximately ***1103*** hours, Sergeant Keith Blakely announced over the radio for all units to "Cut and Pull" all traffic on the Presidential route and you failed to comply with his order; potentially leaving a breach point to enter.  Subsequently, Sergeant Gregory Jackson rode the route and discovered you sitting in your vehicle. At which time, Sergeant Jackson ordered you out of the vehicle and to immediately comply with the order given to avoid a breach in the secure route of the President |
| Specification No. 2: | In that, for the second instance, on February 3, 2012, you were working a Presidential Detail assigned to a traffic post at 14th and Jefferson Drive, Southwest.  At approximately ***1141*** hours, Sergeant Blakely announced over the radio for all units to "Cut and Pull" all traffic on the route for the President's return to the White House and you failed to comply with his order; potentially leaving a breach point to enter.  Subsequently, Sergeant Jackson rode the return route and **again** discovered you sitting in your vehicle. At which time, Sergeant Jackson **again** ordered you out of the vehicle and to immediately comply with the order given to avoid a breach in the secure route of the President |

Having determined that you engaged in misconduct, I have weighed each of the relevant Douglas Factors for consideration in determining the appropriateness of the penalty and made the following conclusions:

1. **The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated;**

   This office holds this to be an aggravating factor.  This incident is significant, wherein you engaged in misconduct, which raises concern surrounding your ability to perform your job duties and responsibilities in a fully professional manner.  You failed to secure the route as directed on two (2) separate occasions while working a Presidential overtime detail; potentially jeopardizing the safety of the President of the United States and/or citizens

traveling on the route. Although, your intent is not clearly understood; you displayed a lack of professional responsibility and your actions are far from what the Agency expects from its members. Furthermore, your misconduct has been repeated over the course of several years.

**2. The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position;**

This office holds this to be an aggravating factor. You do not have a supervisory role; however, the prominence of your position is significant. You are a law enforcement officer and have been sworn to uphold the laws of the District of Columbia and protect its citizens; which during includes the President. When working a detail such as this; you are expected to be on high alert and follow the directives given by the supervisor in command; however, you failed to do so. As such, your continued misconduct has cast serious doubt on your abilities to properly perform your duties in a fully professional manner.

**3. The employee's past disciplinary record;**

This office holds this to be an aggravating factor. A review of your work history revealed you have received the following sustained adverse actions within the past three (3) years:

*DRB# 492-10 & IS# 10-000926*
*Untruthful Statement*
*Appeared in court off-duty in uniform and lied under Oath*
*Penalty: 10 days suspension/Recommended by an Adverse Action Panel*
*Disposition Date: August 15, 2011*

*DRB# 326-10 & IS# 10-001916*
*Prejudicial Conduct*
*Left Harbor boat unattended with the keys in the ignition*
*Penalty: 2 days suspension with 5 days held from DRB# 567-09*
*Disposition Date: November 26, 2010*

*DRB# 567-09 & 09-001908*
*Prejudicial Conduct*
*Inaccurate recorded time on sign-in sheets involving an overtime assignment*
*Penalty: 5 day held in abeyance*
*Disposition Date: November 27, 2009*

**4. The employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability;**

This office holds this to be an aggravating factor. You are a twenty-one (21) year member of the MPD, appointed May 7, 1990. Your conduct is clearly in violation of established policies and procedures and your tenure suggests that you should have been fully aware that your actions constituted misconduct. Moreover, it is clear by your actions in the

DRD 197-12 & IS# 12-000387

current case as well as previous instances that your dependability and professionalism is at issue.

5. **The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties;**

This office holds this to be an aggravating factor. You were found to have neglected your assigned duties on two (2) separate occasions; after being verbally reprimanded on the first instance, without a justifiable cause. This instance, coupled with your previous misconduct has affected the Agency's confidence in your abilities to satisfactory perform your duties and responsibilities in the future.

6. **Consistency of the penalty with any applicable agency table of penalties;**

This office holds this to be an aggravating factor. The below penalties are within the Agency's recommended Table of Penalties for second violation. See General Order120.21, Attachment A.

    ➢ *Neglect of Duty*          *Reprimand to Removal*
    ➢ *Inefficiency*              *Reprimand to Removal*

7. **Consistency of the penalty with those imposed upon other employees for the same or similar offenses;**

The proposed penalty is consistent with the penalty imposed against other members for like or similar misconduct.

8. **The notoriety of the offense or its impact upon the reputation of the agency;**

This office holds this to be a mitigating factor. While your misconduct did not reach media proportions, it has the propensity for adversely impacting on the Agency's reputation.

9. **The clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question;**

This office holds this to be an aggravating factor. As a twenty-two (22) year member of the MPD, there is no reasonable doubt that you knew or should have known that neglecting your assigned duties is against departmental policy. In addition, you were directed and reprimanded by an official on this date during the first movement of the President; to man your post and "Cut and Pull" the traffic. Subsequently, you had to be directed and reprimanded **again** on the second movement, by the same official regarding the same misconduct as occurred during the first movement. Your actions clearly show that you were not receptive to the first directive/reprimand given.

10. **Potential for the employee's rehabilitation;**

   This factor is considered to be an aggravating. This office has determined your ability to perform your overall duties and responsibilities has been diminished by your repeated misconduct. As you have previously received discipline in an effort to rehabilitate you, to no effect, it is apparent to this office that your future rehabilitation is unlikely.

11. **Mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter;**

   This review finds that there were no other mitigating circumstances that surfaced, which could justify your inability to properly be guided by the rules and regulations of the Department.

12. **The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.**

   As such, this office has determined that the proposed discipline is the only effective sanction and deterrent.

Therefore, for the above dereliction, the Metropolitan Police Department proposes to *terminate* your employment.

Upon receipt of this notice, you have 21 days to submit, in writing, a response to this proposal. Your response can be submitted anytime prior to the 21st day after you receive the proposed notice, and must indicate whether or not you desire to have a Departmental hearing. In addition, the enclosed Adverse Action Hearing Notification Form shall be submitted to the Director, Human Resource Management Division.

Should you elect to have a hearing, a three member Panel will hear the evidence in support of the charges on **May 31, 2012,** at 0900 hours, in Room 212, 801 Shepherd Street, N.W., in the District of Columbia.

Inspector Angel Medina, Captain Aubrey Mongal, and Captain Paul Shelton have been designated by the Director, Human Resource Management Division, to hear these charges with Commander Reese serving as Chairman of the Panel.

This case shall be decided based on a standard of proof of a preponderance of evidence, i.e., that degree of relevant evidence which a reasonable mind, considering the record as whole, might accept as sufficient to support a conclusion that the matter asserted is true.

You may be represented by an attorney licensed to practice in the District of Columbia or by a Union Representative, you must furnish any pertinent documents, or copies thereof, that you wish to offer as evidence. You must furnish the names of any witnesses you wish to testify on your behalf; and the name of the attorney who will represent you, not less than three days,

DRD 197-12 & IS# 12-000387

exclusive of Saturdays, Sundays, and legal holidays, prior to the commencement of the proceedings.

All replies (or submission) in response to this notification must be sent directly to the Director, of the Human Resource Management Division, (not through channels) as expeditious receipt is imperative.

A complete copy of the investigative report on which the charges are based is attached for your information.

Michael I. Eldridge
Inspector
Disciplinary Review Branch

**TO:**        Director
Disciplinary Review Branch

**THRU:**     Commander
Fourth District

I acknowledge personal service of a copy of the Notice of Proposed Adverse Action and a copy of the related investigative report **DRD# 197-12 & IS# 12-000387**.


**Officer Kimberly Motley**


Lt Anthony D. White
**Served by: (Print Name)**

Anthony D. White 1-261
**Signature & Badge Number**

Capt.
**Witnessed by:**

4-26-12    6137
**Date & Time**

**Attachment(s)**

  

**Professional Development Bureau
Human Resource Management Division
Disciplinary Review Branch**

801 Shepherd Street, NW, Suite 207, Washington, DC 20011 (202) 576-7310 Fax: 202-576-7627

April 20, 2012

**MEMORANDUM**

**TO:**      Director
            Human Resource Management Division

**FROM:**    Officer Kimberli Motley
            Fourth District

**SUBJECT:** Adverse Action Hearing Notification Form Regarding IS# 12-000387,
            and DRB# 197-12

I was served a notice of Proposed Adverse Action to terminate my employment with the Metropolitan Police Department. I am aware that I may have an Adverse Action Hearing, or decline. This is an official notification:

☑    I am requesting an Adverse Action Hearing

☐    I decline an Adverse Action Hearing

_____          4-26-12        0139
Signature of Member                      Date           Time

_Lt Gregory Dioehl_____              4-26-12        0139
Serving Member                           Date           Time

_____          4-26-12        0139
Witness                                  Date           Time